**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:01CR184-MU**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| **KEVIN LAMONT BAILEY,** ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**THIS MATTER** comes before the Court on Defendant's Motion to Reopen Petitioner's Sentence and Modification of Same Pursuant to 18 U.S.C. § 3582(c)(1)(B), filed August 8, 2005.

On September 11, 2001, Defendant was indicted for violating 21 U.S.C. §§ 841 and 846. On October 9, 2002, the parties entered into a plea agreement. On October 30, 2002, Defendant entered a guilty plea at his Rule 11 hearing. On August 19, 2003, this Court sentenced Defendant to 188 months imprisonment. Defendant did not appeal his conviction or sentence.

Defendant has filed the present motion seeking to have the Court reopen his criminal case and resentence him taking into consideration the alleged substantial assistance he provided to the Government. In support of his request, Defendant asserts that he had an oral agreement with the Government that he would be sentenced to 5 to 10 years imprisonment and that the Government would file a Rule 35(b) motion. He contends that his sentence of 188 months violates the agreement he had with the Government.

A review of the record does not support Defendant's self-serving contention. The plea agreement in Defendant's case specifically states that "defendant is further aware that the Court has not yet determined the sentence, that any estimate, from any source, including defense counsel, of the likely sentence is a prediction rather than a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum. The defendant further understands that no recommendations or agreements by the United States are binding upon the Court." (Plea Agr. ¶ 2). The plea agreement also reserves the right to determine whether any assistance by Defendant is substantial solely to the Government. (Plea Agr. ¶ 20a). Finally, the plea agreement specifically sets forth that it is the entire agreement between the parties and that any subsequent modifications must be in writing and signed by all parties to be binding. (Plea Agr. ¶ 22). Moreover, under oath at his sentencing hearing Defendant stated that other than the terms of his plea agreement no one had made him any promises of leniency or a light sentence to induce him to plead guilty. (Entry and acceptance of Guilty Plea form, # 26). Given the above, the evidence simply does not support a finding that a binding oral agreement existed between Defendant and the Government.

Finally, only the Government may make a Rule 35(b) motion.[1] Fed. R. Crim. P. 35(b). A district court may inquire into the Government's motives not to file a Rule 35(b) motion only in limited circumstances. See United States v. Wallace, 22 F.3d 84, 87 (4th Cir.1994). A court may review whether the prosecutor's decision was based upon an unconstitutional motive. Id. In the instant case, Defendant has not made any allegation

---

[1] The Court notes that at sentencing the Government filed a motion for downward departure which this Court granted.

that the Government possessed an unconstitutional motive for not filing a Rule 35(b) motion. Consequently, it is beyond this Court's authority to inquire into the Government's decision not to file a Rule 35(b) motion.

**IT IS, THEREFORE, ORDERED** that Defendant's Motion to Reopen Petitioner's Sentence and Modification of Same Pursuant to 18 U.S.C. § 3582(c)(1)(B) is **DENIED**.

Signed: February 13, 2006

Graham C. Mullen
United States District Judge